## A. B. DEAN *v.* B. METER.

**Specific Performance.**
Specific performance will not be decreed of a contract which is not complete.

**Contract.**
Where the minds of the contracting parties do not meet on the essentials of a contract such contract is not complete.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 20, 1876.

OPINION BY JUDGE LINDSAY:

This is not a case in which the chancellor can interpose to decree specific performance. The agreement is manifestly incomplete. There is no pretense that any negotiations were had, or any understanding arrived at, subsequent to April 21, 1876, when Dean's letter to the agents of the appellee was written and forwarded.

The proposal was that Meter would exchange his two houses on Third street, for the farm of Dean, and give as the difference twenty-five hundred dollars, "on which you and he (Dean and Meter) are to agree." Dean replied, and after reciting the substance of the proposition said "I accept the same, the payment of the twenty-five hundred dollars to be fixed as indicated." Meter had indicated that the terms of payment were to be subsequently agreed upon by the contracting parties.

The petition shows that these terms were never agreed upon, and that when Dean called upon Meter to fix and agree upon them, he refused to continue the negotiations, and this refusal is one of the grounds of appellant's complaint. The appellant makes clear and unmistakable the incompleteness of the agreement, by offering in court to agree with appellee as to the terms of payment, and by offering further, in case Meter should refuse to agree upon reasonable or usual terms, to allow the court to fix the terms of payment. Had the chancellor acted upon this proposition, he would have undertaken to do that which the appellant concedes the parties themselves had not done.

The amended petition does not change this phase of the transaction. It contains only a proposition that the chancellor shall fix the usual and customary terms of payment in real estate transactions, and sets out what such terms are, and then alleges that the parties contracted with a view to that custom. The exhibits contradict this last averment. They show that the terms were not to be fixed by custom, but were to be determined upon by an agreement to be subsequently entered into. That agreement the chancellor is asked to make for the parties, and the prevailing custom is indicated by the appellant, as a basis upon which he may properly found his action.

The chancellor correctly determined that he had no power to make perfect an imperfect agreement, and then decree specific execution, and he properly sustained the general demurrer. The two let-

ters relied on as constituting the foundation of the complaint, show nothing more than that the appellee agreed in the future to complete the imperfect contract, resulting from the acceptance of his proposition. We are aware of no case in which a party has been compelled by the chancellor to carry out an agreement to agree on the term of a pending negotiation. It is enough that equity shall interfere to compel the specific execution of completed agreements, certain in all their terms and parts.

In view of this conclusion we do not deem it necessary to consider what effect the statute of frauds would have upon the contract, in case it were shown that the terms of payment had been orally agreed upon.

The judgment of the chancellor is *affirmed*.

*Barrett & Brown, John Roberts,* for appellant.
*R. C. Davis, Russell & Helm, Mix & Booth,* for appellee.